# UNITED STATES DISTRICT COURT

Eastern District of New York

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| | ) | Case Number:    11CR30[KAM] |
| FRANK SENATORE | ) | USM Number:    66961-004 |
| | ) | Lee Ginsberg |
| | ) | Freeman, Nooter & Ginsberg |
| | ) | 75 Maiden Lane, Suite 503 |
| | ) | New York, NY 10038 |
| | | Defendant's Attorney |

## THE DEFENDANT:

✔ pleaded guilty to count(s)    one of a sixty count indictment (named in counts 1 and 32)

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. § 1962(d) and 1963(a), | CONSPIRACY TO COMMIT RACKETEERING, a Class C felony | 1/20/2011 | 1 |

The defendant is sentenced as provided in pages 2 through ___6___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

✔ Count(s)    Thirty-two      ✔ is    ☐ are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

August 13, 2012
Date of Imposition of Judgment

s/ KAM
Signature of Judge

Kiyo A. Matsumoto, USDJ
Name and Title of Judge

August 13, 2012
Date

DEFENDANT: FRANK SENATORE
CASE NUMBER: 11CR30[KAM]

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

Six months (6) in custody with credit for time served.

✔ The court makes the following recommendations to the Bureau of Prisons:
That the BOP attempt to place Mr. Senatore in a facility as close to the New York Metropolitan area as possible to facilitate family visits.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on _____.
  ☐ as notified by the United States Marshal.

✔ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ✔ before 2 p.m. on   October 1, 2012
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:



Defendant delivered on _____ to _____
a _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page 3 of 6

DEFENDANT: FRANK SENATORE
CASE NUMBER: 11CR30[KAM]

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

Three (3) years with special conditions.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: FRANK SENATORE
CASE NUMBER: 11CR30[KAM]

Judgment—Page 4 of 6

## SPECIAL CONDITIONS OF SUPERVISION

(1) Defendant shall comply with the restitution and forfeiture orders.

(2) The defendant shall make full financial disclosure to the probation officer and the U.S. Attorney's Office

(3) Defendant shall maintain full-time, verifiable employment and/or shall participate in an education or vocational training program, as approved by the Probation Department.

(4) Mr. Senatore shall participate in outpatient and/or inpatient drug and alcohol treatment or detoxification program approved by the Probation Department. He shall contribute to the costs of such treatment/detoxification, not to exceed an amount determined reasonable by the Probation Department's Sliding Scale for Substance Abuse Treatment Services, and shall cooperate in securing any applicable third party payment, such as insurance or Medicaid. Mr. Senatore shall disclose all financial information and documents to the Probation Department to assess his ability to pay for treatment and electronic monitoring. Mr. Senatore shall not consume any alcohol or other intoxicants or illegal substances during treatment/detoxification, unless granted a prescription for medication by a licensed physician and proof of same is provided to the Probation Department. Mr. Senatore shall submit to drug and alcohol testing during and after treatment to ensure abstinence from drugs and alcohol.

(5) For a period of 6 months following his release from federal custody, Mr. Senatore will be confined to his home with electronic monitoring. He will be permitted to leave his home only for employment, medical, or other necessary activities with the prior approval, in advance, of the U.S. Probation Department. While serving the period of home confinement, Mr. Senatore shall follow requirements and procedures established for home confinement by the Probation Department and the Administrative Office of U.S. Courts. In addition, Mr. Senatore shall pay all costs associated with his home confinement, to the degree he is reasonably able to do so, and he shall disclose all financial information and documents to the Probation Department to assess his ability to pay.

(6) Defendant shall not associate directly or indirectly, in person, through mail, electronic mail, or telephone, with any individual with an affiliation to any organized crime groups, gangs, or other criminal enterprise. Nor shall defendant frequent any establishment, or other locale, where these groups may meet or congregate pursuant, but not limited to, a prohibition list provided by the Probation Department.

(7) Mr. Senatore shall not possess a firearm, ammunition or destructive device.

RESTITUTION:

Mr. Senatore is jointly and severally liable with Michael Castellano and Anthony Calabro for restitution in the amount of $724,647.59, representing the amount of restitution still to be paid to the victims of the wire fraud scheme after deducting the payments already made by Mr. Senatore and Mr. Castellano as of the date of Mr. Senatore's sentencing. Restitution is due immediately and payable at the minimum rate while in custody of $25 per month. Upon defendant's release, defendant shall pay the restitution on the first of each month at a rate of not less than 25% of defendant's monthly income, after deductions required by law and home confinement, starting with the first month of supervised release and continuing until paid in full. Restitution is joint and several with the other co-defendants: Michael Castellano and Anthony Calabro in the amount of $724,647.59. This includes Mr. Senatore's previous restitution order from the Southern District of New York, in the amount of $672,671.50, and a supplemental restitution order in the amount of $51,976.09. Individual victims will be entitled to $650,620.50 in restitution. Sprint Spectrum will be entitled to $47,051 in restitution. Steve Reinhart d/b/a/ Wide Area Classified will be entitled to $31,514 in restitution.

FORFEITURE:

Mr. Senatore has agreed to pay a forfeiture money judgment in the amount of $21,000, as specified in the Order of Forfeiture, which is attached hereto and incorporated herein as part of this Judgment. The forfeiture shall be paid at the minimum rate of 25% of defendant's gross income after deductions required by law and after restitution is paid.

DEFENDANT:         FRANK SENATORE
CASE NUMBER:       11CR30[KAM]

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|   | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 0 | $ 724,647.59 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| WU Individual Victims (list attached) | $650,620.50 | $650,620.50 | |
| Sprint Spectrum | $ 47,051 | $ 47,051 | |
| Steve Reinhart dba - Wide Area Classified | $ 31,514 | $ 31,514 | |
| **TOTALS** | $ 729,185.50 | $ 724,647.59\*\* | |

✔ Restitution amount ordered pursuant to plea agreement  $  724,647.59

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

✔ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ✔ the interest requirement is waived for the    ☐ fine    ☐ restitution    ✔ special assessment.

   ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

\*\* As of the date Mr. Senatore was sentenced, he and co-defendant Michael Castellano had made some payments towards their pre-existing joint and several restitution obligation in the Southern District of New York, leaving $724,647.59 still to be paid for which Mr. Senatore is jointly and severally liable along with co-defendants Michael Castellano and Anthony Calabro. Because Mr. Senatore has an outstanding restitution order in the amount of $672,671.50 from the Southern District of New York, the court in this judgment enter a supplemental restitution order of $51,976.09.

DEFENDANT: FRANK SENATORE
CASE NUMBER: 11CR30[KAM]

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ✔ Lump sum payment of $ 724,647.59 due immediately, balance due

  ☐ not later than _____ , or
  ☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ✔ Special instructions regarding the payment of criminal monetary penalties:

  All payments (restitution, forfeiture, and assessment) shall be made to the Clerk of Court. As of the date Mr. Senatore was sentenced, he and Michael Castellano had made some payments towards their pre-existing joint and several restitution obligations, leaving $724,647.59 for which he is jointly and severally liable with co-defendants Anthony Calabro and Michael Castellano. Because Mr. Senatore has an outstanding restitution order in the amount of $672,671.50 from the Southern District of New York, the court has entered a supplemental order in the amount of $51,976.09. The restitution amount is due immediately, and payable at a minimum rate of $25 per month of defendant's earnings while in custody, and at the minimum rate of 25% of defendant's monthly gross income after deductions required by law and deductions for the home confinement, beginning on the first month after release and shall continue until the restitution amounts is fully paid. The forfeiture amount is due immediately as specified in the Order of Forfeiture, which is attached hereto and incorporated herein as part of this Judgment. All payments shall be mailed to the Clerk of Court, U.S. District Court.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

✔ Joint and Several

  Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

  Frank Senatore and his co-defendants Michael Castellano and Anthony Calabro are jointly and severally liable for restitution in the amount of the loss to the victims of the wire fraud scheme, totaling $724,647.59 after deductions for payments already made as of the date of Mr. Senatore's sentencing. This includes Mr. Senatore's previous restitution order from the Southern District of New York in the amount of $672,671.50, and a supplemental restitution order in the amount of $51,976.09.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:
  Mr. Senatore has agreed to pay a forfeiture money judgment in the amount of $21,000, as specified in the Order of Forfeiture, which is attached hereto and incorporated herein as part of this judgment.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.